IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DELORIS PHILLIPS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:14-cv-3131-M-BN |
| | § | |
| CITY OF DALLAS, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and an order of reference from United States District Judge Barbara M.G. Lynn. *See* Dkt. No. 9. The undersigned magistrate judge now issues the following findings of fact, conclusions of law, and recommendation.

**Background**

On June 30, 2014, Plaintiff Deloris Phillips, a citizen of the State of Texas proceeding *pro se*, filed this action in the 192nd District Court, Dallas County, Texas against the City of Dallas, the Dallas Police Department, Dallas Mayor Mike Rawlings, Dallas Police Chief David Brown, Dallas Police Corporal Herb Cotner (the "City of Dallas Defendants"); United Parcel Service, Inc. ("UPS"); and the Federal Bureau of Investigation ("FBI"). *See generally* Dkt. No. 1-6 (Plaintiff's state court petition). It appears the state court granted Plaintiff leave to proceed *in forma pauperis*. *Compare*

Dkt. No. 1-8 (Plaintiff's motion to proceed *in forma pauperis*), *with* Dkt. No. 1-12 (citations issued by the state court indicating Plaintiff's inability to pay).

On August 4, 2014, the City of Dallas Defendants filed an answer in state court. *See* Dkt. No. 1-57.

On August 8, 2014, Plaintiff unsuccessfully attempted to remove her action to federal court. *See generally Phillips v. City of Dallas*, No. 3:14-cv-2864-P (N.D. Tex. 2014).

On September 2, 2014, however, Defendant FBI removed the state action to this Court under 28 U.S.C. § 1442(a)(1). *See* Dkt. No. 1. And, on September 9, 2014, the FBI moved to dismiss Plaintiff's claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. No. 5.

Prior to removal of this action, Plaintiff had been sanctioned for frivolous filings by the United States Court of Appeals for the Fifth Circuit and by this Court. *See Phillips v. United Parcel Serv.*, No. 11-10766, Order at 1-2 (5th Cir. May 16, 2012); *Phillips v. United Parcel Serv.*, No. 3:11-cv-2861-B, Dkt. No. 57 (N.D. Tex. Oct. 19, 2012); *see also Phillips v. F.B.I.*, No. 3:13-cv-1571-B, Dkt. No. 10 (N.D. Tex. May 20, 2013) (recounting previous sanctions, stating that Plaintiff "has been deemed a pernicious, abusive, and vexatious litigant" by the Fifth Circuit and by this Court, and warning "that further filings in [that] case may warrant sanctions, including monetary sanctions"). As a result, both the Fifth Circuit and this Court have barred Plaintiff from filing without leave and from communicating with the courts' respective clerk's offices. *See* No. 3:11-cv-2861-B, Dkt. No. 57 at 1-2.

In addition, since imposition of those sanctions, Plaintiff's litigation tactics have drawn more lengthy consideration by the Fifth Circuit. Approximately, one year ago, in another lawsuit against the FBI, a panel of the Court of Appeals stated:

> This matter represents the latest of several attempts by Phillips to assert frivolous claims of a wide-ranging conspiracy against her by UPS and others. Phillips made similar allegations in two prior suits against UPS, and she raised similar claims in her appeal of the dismissal of one of those suits. That appeal was dismissed as frivolous, and we cautioned Phillips that frivolous filings and the use of abusive and insulting language would result in sanctions. *Phillips v. United Parcel Serv.*, No. 12–11126, slip op. at 1–2 (5th Cir. Sept. 19, 2013). As noted, the district court previously barred her from filing further pleadings without leave of court, an order she ignored by bringing the instant complaint against the FBI without leave.
>
> In addition, this court issued an order in No. 12–11126, and an order in the instant appeal, barring Phillips from contacting the clerk of court and directing the clerk not to accept unauthorized, unsolicited, or repetitive filings. These orders were the result of Phillips's practice of repeatedly calling the clerk of court to argue the merits of her appeal and of leaving messages asserting a conspiracy regarding her appeal.
>
> However, despite Phillips's repeated attempts to bring the same frivolous claims and her abuse of the judicial system, our previous sanction warning and our previous order barring her from contacting the clerk of court were issued only after Phillips brought the instant suit and only after she appealed the district court's denial of leave to proceed IFP. Accordingly, Phillips is again warned that future frivolous filings will invite the imposition of progressively more severe sanctions, which may include dismissal, monetary sanctions, and restrictions on her ability to file pleadings in this court and any court subject to this court's jurisdiction. In order to avoid the imposition of additional sanctions, Phillips should review any pending appeals and actions and move to dismiss any that are frivolous.

*Phillips v. F.B.I.*, 548 F. App'x 259, 260-61 (5th Cir. Dec. 12, 2013) (per curiam).

Despite the bar against Plaintiff's filing in this Court, and because – prior to removal by the FBI – the state court had allowed her to proceed *in forma pauperis*,

-3-

Plaintiff was given limited leave to file in this case, as specified in the Court's order entered September 22, 2014. *See* Dkt. No. 11; *see also Ruston v. Dallas County*, No. 3:07-cv-1076-D, 2008 WL 958076, at *2 (N.D. Tex. Apr. 9, 2008) (noting that, like here, the sanction against filing in federal court imposed on the plaintiff did "not extend to removed cases" but nevertheless dismissing case as frivolous).

Since entry of the order on September 22, 2014, intended to address Plaintiff's barrage of filings, (1) Plaintiff has indicated that she is not opposed to the FBI's removal of this action, *see* Dkt. No. 14; (2) the FBI has verified that each document filed in the state court action was filed in connection with its removal, *see* Dkt. No. 15 (citing N.D. Tex. L.R. 81.1(a)(4)(C); (3) certain physical CDs that were before the state court, but not filed in this action, have been provided to this Court, *see* Dkt. No. 20; and (4) Plaintiff has filed a supplement to her response to the motion to dismiss, *see* Dkt. No. 18.

Plaintiff's state court petition invokes various federal laws – including Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §§ 1981, 1983, and 1985 – and provisions of the Texas Labor and Penal Codes to allege wide-ranging claims of "deliberate abuse of official capacity (retaliation) and premeditated official oppression (invidious retaliation)":

> Please know racism is being wrongfully and dangerously downplayed. At the core, I am being battled by dangerous, destructive, dirty, deadly Southern White Incorporated Supremacists, deceptively masking behind minorities and women. People are suffering and dying, while the oneness cult effectively uses the "oneness" as an effective legal defense to orchestrate unconscionable, unlawful inhumanness. This unpatriotic, un-American, inhuman, crazy communist, totalitarian, dictatorship's trail of

madness actually involves innocent bloodshed.

Dkt. No. 1-9 at 4.

The undersigned now concludes that the FBI's motion to dismiss [Dkt. No. 5] should be granted; that this entire case should be dismissed as frivolous and malicious; that all other pending motions [Dkt. Nos. 19 and 21] should be denied as moot; and that Plaintiff should be barred from proceeding with any civil action in this Court – whether she files it in this Court, she files it in another court and it is removed to this Court, or she files it in another federal court and it is transferred to this Court – until she is granted leave to proceed by order of a district judge of this Court.

**Legal Standards**

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion, the court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded

facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions, and, while a court must accept all of the plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, "to survive a motion to dismiss[,]" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ___, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

In addition, a district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

And, as this Court, among others, has recognized, 28 U.S.C. § 1915(e)(2)(B)

applies to complaints, like Plaintiff's, "that were originally filed IFP in state court and removed to federal court." *Tsuchiya v. Texas*, Civil Action No. 4:14-cv-64-O, 2014 WL 1329127, at *1 (N.D. Tex. Mar. 5, 2014), *rec. adopted*, Civil Action No. 4:14-cv-64-O, Dkt. No. 21 (N.D. Tex. Apr. 1, 2014) (collecting cases); *see also Ruston*, 2008 WL 958076, at *2 (applying 28 U.S.C. § 1915A to prisoner pro se complaint filed in state court and, like the complaint here, removed to federal court under Section 1442(a)(1)).

An action is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) ("A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law."). A complaint is without an arguable basis in law if it is grounded upon an untenable, discredited, or indisputably meritless legal theory, including alleged violations of a legal interest that clearly does not exist. *See Neitzke*, 490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). Claims within a complaint lack an arguable basis in fact if they describe "fantastic or delusional scenarios." *Neitzke*, 490 U.S. at 327-28. But claims may be dismissed

> as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

*Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citations and internal quotation marks omitted).

Analysis

## I. The FBI's Motion to Dismiss

The FBI's motion to dismiss should be granted, and Plaintiff's claims against that agency should be dismissed with prejudice.

Plaintiff fails to plead a logical set of facts to support any claim for relief, much less does she "plead facts sufficient to show" her claims have "substantive plausibility." *Johnson*, 135 S. Ct. at 347. Instead, her state court petition contains allegations wholly based on a delusional or fanciful scenario. Dismissal is warranted under these circumstances. *See Kolocotronis v. Club of Rome*, 109 F.3d 767 (table), 1997 WL 115260, at *1 (5th Cir. Feb. 24, 1997) (per curiam) (affirming the dismissal of a complaint describing a government plot to spread the AIDS virus throughout the world); *accord Denton*, 504 U.S. at 32-33; *Neitzke*, 490 U.S. at 326-28.

Moreover, the claims that Plaintiff asserts against the FBI in this action are substantially the same as those presented in her motion for leave to file a previous complaint against the FBI, which the Court addressed in an order entered in *Phillips v. F.B.I.*, No. 3:13-cv-1571-B:

> In her Motion for Leave, Phillips makes incoherent statements which mention, *inter alia*, a partnership between white supremacists and UPS, Inc., a FOIA request to the FBI which has been partially answered, and Judges from this Court which are allegedly following her. The allegations not only fail to state any cause of action, they appear to be impermissible repetitions of the allegations in her action against UPS. Those allegations are prohibited in new filings by [orders of this Court and the Fifth Circuit] and, in any event, [were then] pending before the Fifth Circuit in yet another appeal.

*Id.*, Dkt. No. 10 at 1-2 (N.D. Tex. May 20, 2013); *compare id.*, *with* Dkt. No. 1-6 at 26-

28.

Plaintiff's claims against the FBI therefore are also due to be dismissed as duplicative. "Courts may appropriately dismiss an *in forma pauperis* action as frivolous, when the action 'seek[s] to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff.' Such dismissal is predicated on principles of *res judicata*." *Silva v. Stickney*, No. 3:03-cv-2279-D, 2005 WL 2445433, at *4 (N.D. Tex. Sept. 30, 2005) (quoting *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989) and citing *Pittman v. Moore*, 980 F.2d 994, 994 (5th Cir. 1993)). The earlier case need not be dismissed on the merits to justify dismissal of the subsequent action as duplicative. *See, e.g.*, *Brown v. Thomas*, No. 3:02cv-673-M, 2002 WL 31757616, at *3-*4 (N.D. Tex. Dec. 3, 2002).

## II. Plaintiff's Claims against the City of Dallas Defendants and UPS

After eliminating the claims against the FBI, the Court should exercise its discretion – in the interests of judicial economy and fairness to the litigants – to adjudicate the remainder of Plaintiff's claims and find that, because all claims that Plaintiff presents are factually frivolous and malicious, they should be dismissed under Section 1915(e)(2)(B)(i).

The FBI, as a federal agency, removed Plaintiff's case pursuant to 28 U.S.C. § 1442(a)(1).

> Although § 1442 does not expressly state that the federal court must have subject matter jurisdiction over the claim against the federal agency, it does grant independent jurisdictional grounds over cases involving a

-9-

> federal agency where a district court otherwise would not have jurisdiction. *S.S. Silberblatt, Inc. v. East Harlem Pilot Block*, 608 F.2d 28, 35 (2d Cir.1979). In enacting 28 U.S.C. § 1442, Congress recognized that: "federal officers are entitled to, and the interest of national supremacy requires, the protection of a federal forum in those actions commenced in state court that could arrest, restrict, impair, or interfere with the exercise of federal authority by federal officials." *Murray v. Murray*, 621 F.2d 103, 106 (5th Cir. 1980)....

*Dietrich v. U.S. Air Force*, No. 3:06 CV1952, 2006 WL 2987720, at *1 (N.D. Ohio Oct. 17, 2006).

That this case is before this Court after removal under Section 1442 is significant because, even though Plaintiff scatters citations to the United States Constitution and federal statutes throughout her state court petition, "[i]n the absence of diversity of citizenship, it is essential that a substantial federal question be presented to support jurisdiction." *Jolly v. Klein*, 923 F. Supp. 931, 941 (S.D. Tex. 1996) (citing *Hagans v. Levine*, 415 U.S. 528, 536-37 (1974)); *see Ayika v. Lopez*, No. EP-10-CV-456-KC, 2010 WL 5373877, at *2 (W.D. Tex. Dec. 21, 2010) ("Establishing federal question jurisdiction requires a 'substantial federal question.'" (quoting *Raymon v. Alvord Indep. Sch. Dist.*, 639 F.2d 257, 257 (5th Cir. Unit A Mar. 1981))).

Thus, the mere mention of federal law or bare assertion of a federal claim is not sufficient to obtain federal question jurisdiction. "[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit; wholly insubstantial; obviously frivolous; plainly unsubstantial; or no longer open to discussion." *Hagans*, 415 U.S. at 536-37 (internal citation and quotation marks omitted); *see Murphy v. Inexco Oil Co.*,

611 F.2d 570, 573 (5th Cir. 1980) ("[T]he assertion that the claim involves [a federal] question must be more than incantation."); *Raymon*, 639 F.2d at 257 ("[A] complaint that alleges the existence of a frivolous or insubstantial federal question is not sufficient to establish jurisdiction in a federal court." (citing *Olivares v. Martin*, 555 F.2d 1192, 1195 (5th Cir. 1977); *Hagans*, 415 U.S. at 538-39)).

The claims that Plaintiff makes in her complaint – some cloaked as federal claims – cannot invoke this Court's federal question jurisdiction because those claims are "plainly unsubstantial" since they are "obviously without merit." *Jolly*, 923 F. Supp. at 941 (internal quotation marks omitted); *cf. Ayika*, 2010 WL 5373877, at *2 (remanding to state court litigation removed to federal court where defendant failed to establish that a substantial federal question existed).

Since neither diversity of citizenship, *see* 28 U.S.C. § 1441(b), nor the presence of a federal question provide this Court with jurisdiction, remand would appear to be appropriate after dismissal of the FBI. *See, e.g.*, *Everbank v. Blair*, No. 14-CV-22-JED-PJC, 2014 WL 3547738, at *3 (N.D. Okla. July 17, 2014) ("Having dismissed the federal defendants, the only claims remaining before the Court are those alleged against parties which would not have been able to remove those claims to this Court in the first instance. In such circumstances, courts generally recognize that the proper course of action is to remand the remaining claims to state court." (collecting cases)).

But, in *IMFC Professional Services of Florida, Inc. v. Latin American Home Health, Inc.*, 676 F.2d 152, 158-60 (5th Cir. Unit B 1982), the Fifth Circuit

> noted that removal pursuant to 28 U.S.C. § 1442(a)(1) of a controversy involving a federal agency or officer creates ancillary federal jurisdiction over the nonfederal elements of the controversy [and] held that once the federal claims had dropped out of the case, the district court had discretion to decline to exercise continued jurisdiction over the nonfederal elements. [If] this discretion to decline jurisdiction is exercised, the proper procedure is to remand the case under § 1447(c), for at this point the case becomes one removed improvidently and without jurisdiction.

*Spencer v. New Orleans Levee Bd.*, 737 F.2d 435, 438 (5th Cir. 1984) (internal citation and quotation marks omitted); *see also District of Columbia v. Merit Sys. Prot. Bd.*, 762 F.2d 129, 132-33 (D.C. Cir. 1985) ("If the federal party is eliminated from the suit after removal under [§ 1442(a)(1)], the district court does not lose its ancillary or pendent-party jurisdiction over the state law claims against the remaining non-federal parties.... Instead, the district court retains the power either to adjudicate the underlying state law claims or to remand the case to state court." (citing *IMFC*, 676 F.2d at 158-60)). "[T]he considerations to be applied in exercising that discretion ... are comity, federalism, judicial economy and fairness to the litigants." *Torres v. CBS News*, 879 F. Supp. 309, 321 (S.D.N.Y. 1995) (collecting cases).

Plaintiff was allowed to proceed *in forma pauperis* in the state court, which allows this Court to consider whether her case should be dismissed under Section 1915(e). *Cf. Dietrich*, 2006 WL 2987720 (where the Air Force removed an action filed in state court by a *pro se* plaintiff under Section 1442(a)(1), the court dismissed the action under Section 1915(e)). A close review of Plaintiff's entire state court petition reveals that all claims that she asserts against all defendants – not just the claims she asserts against the FBI – are so "fantastic or delusional" that they lack an arguable

basis in fact. *Neitzke*, 490 U.S. at 327-28. Her allegations – which easily qualify as "fanciful, fantastic, [ ]delusional[,] ... irrational[, and] wholly incredible" – are, accordingly, "factually frivolous." *Denton*, 504 U.S. at 32-33.

Thus, judicial economy and fairness to the litigants weigh in favor of exercising jurisdiction as opposed to remanding this case under Section 1447(c). And the exercise of jurisdiction by this Court – to expedite the disposition of a clearly frivolous lawsuit – does not raise concerns of comity or federalism. The Court should therefore dismiss Plaintiff's entire action as frivolous and malicious under Section 1915(e).

### III. Modification of Sanctions

"[T]he judicial system is generally accessible and open to all individuals." *Kaminetzky v. Frost Nat'l Bank of Houston*, 881 F. Supp. 276, 277 (S.D. Tex. 1995). But "district courts have an obligation to protect the orderly administration of justice and prevent abuse of the court's process by frivolous and vexatious litigants[, which means *p*]*ro se* litigants have 'no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" *Ruston*, 2008 WL 958076, at *2 (quoting *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986)).

Currently, Plaintiff may not file a lawsuit in this Court without first obtaining leave to do so. *See Phillips v. United Parcel Serv.*, No. 3:11-cv-2861-B, Dkt. No. 57 (N.D. Tex. Oct. 19, 2012).

But the Court's experience with the current case counsels that the existing sanction should be extended to prevent Plaintiff from proceeding with any litigation

-13-

in this Court – whether a case is filed here, removed here, or transferred here – without first obtaining leave of a district judge to proceed in this Court. *See, e.g.*, *Ruston*, 2008 WL 958076, at *5 (similarly extending an existing sanction against filing to include removal and transfer); *see also Garland v. Toledo Fin. Corp.*, No. 5:10CV20, 2010 WL 2545438, at *4 (E.D. Tex. May 25, 2010), *rec. adopted*, 2010 WL 2545437 (E.D. Tex. June 21, 2010); *Mitchell v. Dallas Cnty. Sheriff Dep't*, Civil Action No. 3:12-cv-1960-O-BK, 2013 WL 646535 (N.D. Tex. Feb. 20, 2013); *Drake v. Penske Truck Leasing Co., L.P.*, CASE NO. 4:12CV264, 2013 WL 5137832, at *8 (E.D. Tex. Sept. 13, 2013) (imposing similar sanctions).

To assist Plaintiff in understanding the sanction the undersigned recommends, it is set out below:

> Deloris Phillips is prohibited from proceeding with any civil action in this Court (the United States District Court for the Norther District of Texas) – whether she files it in this Court, she files it in another court and it is removed to this Court, or she files in another federal court and it is transferred to this Court – unless she obtains from a district judge of this Court leave to proceed in this Court.
>
> If a civil action is removed or transferred to this court, the case will be subject to summary dismissal unless, within 30 days of the date of removal or transfer, Phillips seeks, in writing, leave from a district judge of this Court to proceed in this Court.

**Recommendation**

The FBI's motion to dismiss [Dkt. No. 5] should be granted; this entire case should be dismissed as frivolous and malicious; all other pending motions [Dkt. Nos. 19 and 21] should be denied as moot; and Plaintiff should be barred from proceeding with any civil action in the United States District Court for the Norther District of

Texas – whether she files it in this Court, she files it in another court and it is removed to this Court, or she files it in another federal court and it is transferred to this Court – until she is granted leave to proceed by order of a district judge of this Court.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 19, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE